IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDS INVESTMENT, L.P. and, THOMAS F. HINDS, | CASE NO. 08-CV-1032 LJO-GSA |
| Plaintiffs, | |
| vs. | **SCHEDULING CONFERENCE ORDER** |
| ROBIN KRAEMER, SHARON KRAEMER, and DOES 1 through 20 inclusive, | Expert Disclosure: January 30, 2010 |
| | Supplemental Expert Disclosure: February 20, 2010 |
| Defendants. | Nonexpert Discovery Cutoff: March 9, 2010 |
| | Expert Discovery Cutoff: March 26, 2010 |
| | Discovery Motions Cutoff: March 26, 2010 |
| | Status Conference: April 8, 2010<br>Time: 9:30 am<br>Dept.: 10 (GSA) |

This Court conducted a December 17, 2008 scheduling conference. Plaintiffs Hind Investments and Thomas Hinds appeared by telephone by counsel Jordan Stanzler. Defendants Robin Kraemer and Sharon Kraemer appeared by telephone by counsel Doyle Graham who was specially appearing for David Romano Isola/Reginald Schubert. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

**1. Amendment To The Parties' Pleadings**

The parties propose no further amendment to their respective pleadings at this time.

1

**2.     Consent To Magistrate Judge**

All parties do not consent to the conduct of further proceedings, including trial and entry of judgment, by a United States Magistrate Judge.

**3.     F.R.Civ.P. 26(a)(1) Initial Disclosures**

This case involves the clean up and remediation of environmental contamination that allegedly occurred at a dry cleaning business.  Each action by Plaintiffs to investigate and remediate must be reviewed and approved by the Regional Water Quality Review Board before it is to take place.  As such, the parties have agreed that the initial disclosures will be done as soon as practicable, but some disclosures may be made after the completion of the requisite investigations and reports of the Board. Given the nature of this litigation, as well as the involvement of a government agency, the Court will allow the parties some flexibility regarding the timing of initial disclosures. The parties are expected to cooperate with each other and shall notify the Court immediately if a dispute regarding initial disclosures arises.

**4.     Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **January 30, 2010**. Supplemental expert witness disclosures by any party shall be served no later than **February 20, 2010**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be fully prepared to be examined on all subjects and opinions included in the designations.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

**5.     Discovery Cutoffs**

All nonexpert discovery shall be completed or heard no later than **March 9, 2010.**  All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **March 26, 2010.**

///

**6.     Status Conference**

Because of the nature of these proceedings, the court has allowed the deadlines in this case to be extended beyond the normal time limits.  As such, a status conference will be held on **April 8, 2010 at 9:30**  before the undersigned in Courtroom 10 to assess the status of the litigation and to set dispositive motion filing deadlines, a settlement conference, a pretrial conference, and trial date.

The parties shall inform the court if there are difficulties with complying with these deadlines due to a delay in the Regional Water Quality Review Board's investigation and reports. Conversely, if the investigation is completed prior to the deadlines set forth in this scheduling order, the parties shall contact the court immediately so that a new dates may be set.

**IT IS SO ORDERED.**

Dated:   **December 24, 2008**              /s/ **Gary S. Austin**
                                    **UNITED STATES MAGISTRATE JUDGE**

3